## HALL *et al.* *v.* BENNETT.

Where a party appeals from a judgment by default, he may on first appearance in the district court, object to the manner or style in which he is sued.

Where there is a manifest variance between the names to a note and the names to a record, the note should not be admitted in evidence.

In a suit *commenced* before a justice of the peace, a misnomer may be taken advantage of by motion, as well as by plea in abatement.

### *Error to Polk District Court.*

*Opinion by* GREENE, J.   This was an action of assumpsit commenced before a justice of the peace, in the name of B. Bennett against S. Hall and B. F. Jesse.   A judgment by default was rendered against the defendants. They then took the case to the district court by appeal, and there moved to dismiss the suit because they were not sued, by their christian names nor even by proper initials. This motion was overruled, although it appeared that the suit was commenced and prosecuted against S. Hall and B. F. Jesse, instead of against Townsend Hall and Benjamin Jesse.   The defendants then objected to the admission of a certain note which the plaintiff offered in evidence, because the note was in no way referred to or identified in the proceedings before the justice, and in no way appeared to be the instrument upon which the cause of action was predicated.   But the court overruled this objection, and admitted the note in evidence.   In both of these particulars, the ruling of the court below was obviously erroneous.   Upon their first appearance to this action, the defendants objected to the defective manner in which they were sued.   It cannot therefore be assumed, that the irregularity was waived by appearance.   Had they been sued upon a note to which the initials only of their christian names had been subscribed, there might have been some justification for the decision of the court below. They might then have been sued in a name which they had themselves acknowledged.   But in this case, there

was no note adduced, signed in the name of S. Hall and B. F. Jesse and payable to B. Bennett. The note offered in the district court and improperly admitted was signed by Townsend Hall and Benjamin F. Jesse, and made payable to Benjamin Bennett. Thus the misnomer in the suit was manifest, and in an action commenced before a justice of the peace might be taken advantage of on motion, as well as by a plea in abatement. The variance between the parties to the note and the parties to the suit is equally manifest, and rendered the note inadmissible as evidence, even if the transcript had shown that this note constituted the same cause of action, upon which the judgment of the justice was rendered. *Rev. Stat.* p. 335, § 15.

Judgment reversed.

*W. H. Seevers,* for plaintiff in error.

*J. M. Perry,* for defendant.